61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bobby F. McREYNOLDS, Appellant,
v.
Ray HOBBS, Warden, Wrightsville Unit, Arkansas Department of
Correction; Grant Harris, Assistant Warden, Wrightsville
Unit, Arkansas Department of Correction; Gallion Lay,
Major, Wrightsville Unit, Arkansas Department of Correction;
K.E. Luckett, Lt., Wrightsville Unit, Arkansas Department
of Correction; Brook Parks, Classification Officer,
Wrightsville Unit, Arkansas Department of Correction; R.
McCallister, originally sued as R. McAlester, Appellees.
 No. 94-3435.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 3, 1995.
Filed: July 24, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Bobby McReynolds brought this 42 U.S.C. Sec. 1983 complaint against prison officials at the Wrightsville Unit of the Arkansas Department of Correction, alleging they forced him to work on the hoe squad with an injured hand resulting in a permanent disabling injury. After taking testimony at an evidentiary hearing, the district court found the prison officials acted in accordance with instructions from the infirmary and their established procedure and did not knowingly endanger McReynolds's health. Based on our review of the record, we conclude these findings are not clearly erroneous. Having reviewed the issue de novo, we also agree with the district court that McReynolds did not establish an Eighth Amendment violation. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994) (prison official cannot be held liable for Eighth Amendment violation unless official knows of and disregards excessive risk of serious harm to inmate's health or safety); Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir.1993) (prison officials violate Eighth Amendment when they knowingly compel inmate to perform physical labor that is beyond inmate's strength, endangers inmate's health, or is unduly painful).
 
 
 2
 We reject McReynolds's argument that the district court abused its discretion in denying his request for appointment of counsel. The complaint and McReynolds's discovery requests, among other things, show he was able to present his claim and investigate the facts, and the issues were not complex. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir.1991), cert. denied, 504 U.S. 930 (1992). Finally, McReynolds's complaint that the district court refused to admit into evidence certain inmate affidavits fails, because McReynolds cannot show the hearsay statements in the affidavits would have changed the result of this case.
 
 
 3
 Accordingly, we affirm.